IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD K. LEE, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 3:12cv339 |
| ) | |
| v. ) | Case No. 3:12-mc-13 |
| ) | |
| CHRISTINE VAUGHN and ) | Judge Sharp |
| RONALD HOMER LEE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Edward K. Lee, a state inmate currently incarcerated at the Rutherford County Adult Detention Center, filed this action under 42 U.S.C. § 1983 against defendants Christine Vaughn and Ronald Homer Lee. He also filed an Application to Proceed *in Forma Pauperis* (ECF No. 5). As it appears that the plaintiff lacks sufficient financial resources to submit the entire filing fee in advance, the Court will grant the motion to proceed as a pauper.

The plaintiff alleges that the defendants, two private individuals, knowingly disposed of a camper that was owned by the plaintiff and in which he had lived for two years. The camper was apparently parked on land owned by the defendants. The plaintiff was living in the camper with his pregnant girlfriend at the time the plaintiff was arrested. The plaintiff alleges he could have had the camper moved, but the defendants got rid of it without giving him a chance to do so. The plaintiff seeks to recover the value of the camper from the defendants.

Under the Prison Litigation Reform Act, this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). After the initial screening, the Court must *sua sponte* dismiss the complaint or any portion thereof if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); 28 U.S.C. § 1915(e)(2). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Both parts of this two-part test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The allegations in the present complaint indicate that the plaintiff cannot meet either part of this test: (1) the defendants, as private individuals, were not acting under color of state law; and (2) while the plaintiff may have state-law claims against the defendants based on the allegations in the complaint, he has not alleged that the defendants' actions deprived him of rights secured by the U.S. Constitution or federal law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Moreover, this Court would not have jurisdiction to consider a pure state-law cause of action in the absence of either diversity jurisdiction or federal-question jurisdiction. In short, the plaintiff has failed to state a claim under § 1983 upon which relief can be granted, and the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who files a civil action *in forma pauperis*, is nonetheless required to pay the full amount of the filing fee in installments. The Sixth Circuit has stated that the dismissal of a complaint under § 1915 "does not negate a prisoner's obligation to pay the filing fee . . . . [A] court's responsibility under the Prison Litigation Reform Act is first to examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order. *McGore*, 114 F.3d at 608.

Accordingly, an appropriate order will enter, assessing the fee and dismissing this action for failure to state a claim under § 1983.

Kevin H. Sharp
United States District Judge

2